## ROOKER v. BRUCE.

[No. 6,820. Filed December 16, 1909.]

1. ACTION.—*Tort.—Contract.—Carriers.—Passengers.* — A carrier that fails to carry its passengers safely is liable to such passengers in tort or on contract, at their election. p. 58.

2. ATTORNEY AND CLIENT.—*Fees.—Negligence.—Counterclaim.*— In an action for attorneys' fees, a counterclaim for negligence in the conduct of the litigation may be pleaded by the client. p. 58.

From Superior Court of Marion County (67,478) ; *James M. Leathers,* Judge.

Action by William V. Rooker against Margaret Bruce. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*William V. Rooker, Elmer E. Stevenson, John W. Holtzman,* and *Lewis A. Coleman,* for appellant.

*John B. Elam, James W. Fesler* and *Woodburn Masson,* for appellee.

RABB. J.—Appellant brings this action to recover attorney's fees claimed to be due to him under a contract averred to have been entered into between the parties.

Appellee filed a counterclaim, charging the appellant with negligence in the management and conduct of the litigation, for his services in conducting which he seeks a recovery.

Appellant's motion to strike out this counterclaim and his demurrer thereto were overruled, as were his objections to evidence offered to sustain the same, and these rulings present the only questions for our determination.

It is the theory of the appellant that negligence being a tort, damages arising therefrom cannot be made the subject-matter of a counterclaim or set-off to an action founded on contract.

It is true that negligence is a tort, but it may also constitute a breach of contract in certain cases. A common

1.    carrier for instance, binds himself to exercise due care in the carriage of passengers and goods entrusted to him, and his failure to do so is not only a tort, but also a breach of his contract, and for such breach he may be sued at the election of the injured party, either in tort or on the contract.

2.    An attorney who undertakes to perform services for a client in the conduct of litigation, impliedly contracts to exercise due care, skill and knowledge of the law in the conduct of his client's business, and his negligence in that regard is a breach of his contract, and a proper subject for counterclaim in any action he may bring to recover for his professional services.

Judgment affirmed.